UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK KEITH WEBSTER,<br><br>Plaintiff,<br><br>v.<br><br>RACHAEL GOODPASTER, et al.,<br><br>Defendants. | No. 2:20-cv-0595-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a county inmate proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2. As discussed below, his application to proceed in forma pauperis is granted but it is recommended that his complaint be dismissed without leave to amend.

<u>Application to Proceed In Forma Pauperis</u>

The court has reviewed the second of plaintiff's applications (ECF No.2) and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

<u>Screening</u>

I.   <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     Analysis

    a.     Background

Plaintiff alleges that, on May 15, 2019, he was pulled over by defendant Rachael Goodpaster – an officer of the Sacramento Police Department – "for a stolen truck." ECF No. 1 at 3. Goodpaster read plaintiff his *Miranda* rights and asked plaintiff if he understood them. *Id.* Plaintiff responded in the affirmative and informed Goodpaster that he wished to invoke his Fifth Amendment right to remain silent. *Id.* Plaintiff states, however, that upon informing Goodpaster of his desire to remain silent, another officer who was present – defendant John Hosmer – placed his hand on his holstered sidearm and proceeded to question plaintiff. *Id.*

1   Plaintiff states that, upon seeing Hosmer's hand resting on his holstered weapon, he felt
2   that it would be "wise" to answer his questions. *Id.* at 4.  His cooperation led to additional
3   questioning from another defendant – officer Douglas Manning.  *Id.*  Based on his answers to
4   Hosmer and Manning, plaintiff alleges that he was subsequently charged (though he does not
5   specify what charges were brought against him). *Id.*  Manning allegedly testified in court about
6   the statements plaintiff made to the officers.  *Id.*  Plaintiff claims that the judge in his case
7   ultimately used those statements as a basis for denying him probation and for sentencing him to
8   his current thirty-two month sentence.  *Id.*

9   By way of relief, plaintiff requests that he be awarded 500,000 dollars from the
10  Sacramento Police Department and an additional 250,000 dollars from each officer involved in
11  the incident.  *Id.* at 3.

12      b.   Analysis

13  Success on plaintiff's claims would unquestionably call into question the validity of his
14  conviction.  He specifically alleges that his coerced cooperation with the officers was the basis for
15  bringing criminal charges against him.  ECF No. 1 at 4 ("So later the officers decided because of
16  my statement that there was probable cause to charge me . . . .").  As such, his claims are
17  inappropriate to proceed in a section 1983 action, unless plaintiff can demonstrate that his
18  conviction or sentence has already been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 487
19  (1994).  Here, plaintiff clearly alleges that he is still serving the thirty-two month sentence that
20  resulted from the incident described *supra*.  ECF No. 1 at 4.

21  The court also concludes that, because plaintiff has evinced no intent to seek habeas relief,
22  it would be inappropriate to convert this 1983 action into a habeas petition.  *See Trimble v. City of*
23  *Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) ("When the intent to bring a habeas petition is not
24  clear, . . . the district court should not convert a defective section 1983 claim into a habeas
25  petition.").

26  In light of the clear and irreparable defect described above, the court concludes that giving
27  plaintiff leave to amend his complaint would be futile.  Thus, it is recommend that this action be
28  dismissed without prejudice for failure to state a claim upon which relief may be granted.

Conclusion

Accordingly, it is ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

Further, it is RECOMMENDED that plaintiff's complaint be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 28, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE